UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS E. LAVIN, MD,** *et al.* | **CIVIL ACTION NO. 2:19-11348** |
| **VERSUS** | **SECTION T** |
| **PRACTICE PROTECTION FUND, AMERICAN EXCESS UNDERWRITERS, INC.,** *et al.* | **JUDGE GREG G. GUIDRY** |

## Order

Before this Court is a Motion to Remand filed by Matthew S. French, M.D., James A. Leithead, III, M.D., Thomas E. Lavin, M.D., James G. Redmann, M.D., Michael J. Thomas, M.D., and Clark G. Warden, M.D. ("Plaintiffs"). [1] Practice Protection Fund ("PPF"), American Excess Underwriters, Inc., Jack A. Andonie, M.D., A. J. Binder, M.D., Gerald M. Robertson, M.D., Jeffery Coco, M.D., and John D. Martin, M.D. ("Defendants") have filed oppositions to the Motion to Remand.[2] For the following reasons, the Motion to Remand is **DENIED.**

## FACTUAL AND PROCEDURAL HISTORY

This case arises from Plaintiffs' claims related to professional liability insurance provided by the Defendants.[3] Plaintiffs each individually entered into contracts with PPF whereby PPF would provide "claims made" professional liability coverage for each Plaintiff. Plaintiffs received professional liability coverage from PPF from 2011 to 2018.[4] In July 2018, Plaintiffs decided not to renew their PPF insurance contracts. At that time, Defendants were paying for the defense of eleven professional liability claims pending against Plaintiffs. After the failure to renew,

---

[1] R. Doc. 11.
[2] R. Doc. 15; R. Doc. 16.
[3] R. Doc. 11.
[4] R. Doc. 1-1, p. 22.

1

Defendants notified Plaintiffs that Defendants would no longer cover the attorney's fees and legal expenses for the eleven pending claims.

On October 3, 2018, Plaintiffs initiated this action by filing a Petition for Declaratory Judgment in the 22nd Judicial District Court for the Parish of St. Tammany. Plaintiffs sought a declaratory judgment interpreting the terms of the contracts between parties and alleged that Defendants were in violation of the Unfair Trade Practices provision of the Louisiana Insurance Code, La. R.S. 22:1973(C).[5] On May 2, 2019, Plaintiffs amended their petition to add new parties and new Louisiana state law fraud claims, tort claims, and breach of fiduciary duty claims. Additionally, Plaintiffs' amended petition asserts that the state law claims support a claim against Defendants under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO").[6] On June 24, 2019, Defendants removed this matter asserting federal question jurisdiction under 28 U.S.C. 1441(a).[7] Plaintiffs have moved to remand the case contending this Court lacks jurisdiction because the state law claims predominate.[8]

## **LAW AND ANALYSIS**

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[9] Federal courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[10] Specifically, federal courts were given original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[11] A defendant may remove a civil action filed in state court

---

[5] R. Doc. 1-1.
[6] R. Doc. 15.
[7] R. Doc. 1-1.
[8] R. Doc. 11.
[9] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[10] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[11] 28 U.S.C. § 1331

if the plaintiff could have brought the action in federal court from the outset.[12] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[13]

Plaintiffs' complaint asserts multiple grounds for relief, including a RICO claim.[14] The RICO statue creates a federal remedy enacted by Congress which confers federal jurisdiction to the district courts of the United States.[15] Federal and state courts have concurrent jurisdiction over RICO claims.[16] The Fifth Circuit has held that when federal and state courts have concurrent jurisdiction, the defendant can remove the action to federal court.[17] Accordingly, Defendants' removal of Plaintiffs' RICO claim was proper.[18] Although Plaintiffs contend this case arises under predominantly state law,[19] the Fifth Circuit has held that district courts do not have the authority to remand cases properly removed for federal question, but may remand cases which are not independently removable.[20]

Plaintiffs also contend the state law claims may be remanded. Congress has granted discretionary authority for supplemental claims arising under state law "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[21] The Supreme Court has held this test is satisfied if the claims arise from a

---

[12] *See* 28 U.S.C. § 1441(a).
[13] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[14] R. Doc. 15.
[15] 18 U.S.C.A. § 1965.
[16] *Goldman v. Hartford Life & Acc. Ins. Co.*, 2005 WL 1457416, at *2 (E.D. La. June 16, 2005) (*citing Lichtenberger v. Prudential-Bache Sec., Inc.*, 737 F.Supp. 43, 44 (S.D.Tex.1990)).
[17] *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 460 (5th Cir.1982).
[18] *See Lichtenberger*, 737 F.Supp. at 44 (denying motion to remand RICO claim to state court because federal and state courts have concurrent jurisdiction over RICO claims).
[19] R. Doc. 11.
[20] *See Poche v. Texas Air Corps, Inc.,* 549 F.3d 999, 1005 (5th Cir. 2008).
[21] 28 U.S.C. 1367.

"common nucleus of operative facts."[22] The RICO allegations are based on facts related to the state substantive claims. The factual allegations supporting the state law claims for fraud, unfair trade practices and breach of fiduciary duty form the basis for Plaintiffs' RICO claims. Therefore, the issues of the state law claims and the RICO claims arise from a common nucleus of operative facts satisfying the requirements for supplemental jurisdiction. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the motion to remand[23] is **DENIED**.

**New Orleans, Louisiana**, on this 27th day of January, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[22] *United Mine Works of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).
[23] R. Doc. 11.