UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS E. LAVIN, M.D., ET AL | CIVIL ACTION |
| VERSUS | NO: 19-11348 |
| PRACTICE PROTECTION FUND, ET AL | SECTION: T |

## ORDER

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)[1] filed by Jack A. Andonie, M.D., A. J. Binder, M.D., Gerald M. Robertson, M.D., Jeffery Coco, M.D., Charles Eckert, M.D., and John D. Martin, M.D. ("Board Member Defendants"). Thomas E. Lavin, M.D., James G. Redmann, M.D., Michael J. Thomas, M.D., Clark G. Warden, M.D. Matthew S. French, M.D., James A. Leithead, III, M.D., Carson C. Cunningham, M.D., Uyen B. Chu, M.D., and Surgical Specialists of Louisiana, L.L.C. ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

Plaintiffs initiated this action against multiple defendants including Practice Protection Fund ("PPF"), American Excess Underwriters, Inc. ("American Excess"), Inmedex, LLC ("Inmedex"), Practice Protection Alliance, LLC ("Alliance"), Lolly J. Leger ("Leger") and the Board Member Defendants. Plaintiffs allege that the defendants violated the Unfair Trade Practices provision of the Louisiana Insurance Code and state law fraud, intentional infliction of emotional distress, and breach of fiduciary duty claims, as well as the federal Racketeer Influenced and

---

[1] R. Doc. 46.
[2] R. Doc. 53.

1

Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). Plaintiffs contend that the defendants were part of an enterprise controlled by Leger. Plaintiffs further allege that the enterprise fraudulently induced Plaintiffs to enter into a Participation Agreement wherein PPF agreed to provide professional liability insurance for Plaintiffs' medical practice. Plaintiffs allege that PPF subsequently breached the terms of the agreement and that PPF has been managed in such a way as to become insolvent, potentially resulting in further damages to Plaintiffs.

The Board Member Defendants contend that the few allegations against them are entirely conclusory reasoning that Plaintiffs do not attribute any of the multiple fraudulent acts to the Board Member Defendants. The Board Member Defendants further claim that Plaintiffs fail to make any specific allegations detailing who, what, when, or how the Board Member Defendants, or any one of them, participated in, had knowledge of, or influenced the management decisions Plaintiffs claim either were fraudulent, or compose the identified RICO predicate acts. The Board Member Defendants also assert that Plaintiffs fail to allege facts to support a breach of fiduciary claim or how the Board Member Defendants can be liable under the Unfair Trade Practices provision of the Louisiana Insurance Code when none of the Board Member Defendants is alleged to be an insurance company. Thus, the Board Member Defendants seek dismissal of Plaintiffs' Second Amended Complaint.

Plaintiffs cite several allegations in the Second Amended Complaint contending that the factual allegations support Plaintiffs' fraud claims. Plaintiffs further contend that Plaintiffs have sufficiently stated a claim under the Louisiana Insurance Code for Unfair Trade Practices since PPF is organized under Louisiana Revised Statute 22:46(9)(d)(i), which states that PPF is subject to Part IV of Chapter 7 of the Louisiana Insurance Code entitled "Unfair Trade Practices." Plaintiffs assert that the Second Amended Complaint alleges facts to support multiple predicate

acts of wire fraud to establish federal RICO violations. Finally, Plaintiffs insist the Second Amended Complaint contains allegations of breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress. Therefore, Plaintiffs request the Court deny the Board Member Defendants' Motion to Dismiss.

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[3] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[4] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[6] and the documents attached to the complaint.[7]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[8] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[9] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[10] If factual

---

[3] Fed. R. Civ. P. 12(b)(6).
[4] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[6] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[8] *Iqbal*, 556 U.S. at 678.
[9] *Lovick v. Ritemoney Ltd*., 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).
[10] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[11]

However, pleadings which allege fraud must be plead to a heightened standard.[12] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[13] "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)."[14] The Fifth Circuit requires a plaintiff pleading fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[15]

### A. Breach of Fiduciary Duty Claim

In the present case, the Board Member Defendants contend that the complaint fails to plead fraudulent acts attributable to the Board Member Defendants. With respect to the breach of fiduciary duty claim, the Board Member Defendants contend the claim is predicated on fraud, and that Plaintiffs must, therefore, meet a heightened pleading standard. However, Plaintiffs allege that the breach of fiduciary duty was a result of "not obtaining appropriate audits, not continuing reinsurance and not managing PPF in such a manner as to ensure its solvency."[16] Plaintiffs' breach of fiduciary duty claim against the Board Member Defendants is not predicated on fraud, but rather mismanagement of PPF. Therefore, Plaintiffs are not required to meet a heightened pleading

---

[11] *Twombly*, 550 U.S. at 555.
[12] *See,* Fed. R. Civ. P. 9(b).
[13] *Id.*
[14] *River Parishes Dirt & Gravel, LLC v. Willow Bend Ventures, LLC*, 2019 U.S. Dist. LEXIS 88801, *12 (E.D. La. May 28, 2019) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009)).
[15] *Dorsey v. Portfolio Equities, INC.*, 540 F. 3d 333, 339 (5th Cir. 2008).
[16] R. Doc. 33.

standard for the breach of fiduciary duty claim, and the Second Amended Complaint alleges facts sufficient to support a claim for breach of fiduciary duty against the Board Member Defendants.

### B. Fraud Claim

The Board Member Defendants further contend that the complaint fails to allege that the Board Member Defendants, or any one of them, participated in, condoned, authorized, or were even aware of the particular acts or communications Plaintiffs allege to comprise the scheme to defraud. The Board Member Defendants further claim that Plaintiffs must identify board meetings attended or communications actually received or made by each Board Member Defendant where the actions to be taken by or through defendant Leger were revealed to, or discussed, and acted upon by the Board Member Defendants. However, Plaintiffs point out that board meetings of corporations and their minutes are confidential, and that Plaintiffs can only identify this information through discovery. Additionally, the Second Amended Complaint makes several specific allegations of fraud against the Board Member Defendants. Plaintiffs allege the Board Member Defendants advertised themselves as professional liability insurance carriers, failed to disclose that Plaintiffs would be participants in a group self-insurance trust, and therefore potentially liable for debts of the trust, and improperly renewed coverage in 2016 and 2017 without disclosing the financial condition of PPF. Plaintiffs further allege the Board Member Defendants failed to disclose that Charles Boudreaux stopped providing legal services because he was not being paid by PPF. Accepting the complaint's well-pleaded factual allegations as true, the Court finds that the Second Amended Complaint sufficiently states a claim for fraud against the Board Member Defendants.

### C. Standing under RICO

The Board Member Defendants claim that Plaintiffs do not have standing to sue under RICO. To have standing to bring a RICO claim, a plaintiff must plead an injury proximately caused by – that is, resulting directing from – the alleged RICO violations.[17] The Board Member Defendants assert that Plaintiffs' actual or prospective damages result squarely from the potential inability of the trust to satisfy what Plaintiffs contend are trust obligations. Plaintiffs contend, however, that their claim for damages involves the legal fees, expenses and potential settlements or judgments, which PPF agreed to pay as part of the contractual obligation in the Participation Agreements between Plaintiffs and PPF. The Court finds that Plaintiffs have failed to allege facts to support that their injuries are proximately caused by any alleged RICO violations by the Board Member Defendants. Plaintiffs allege the debts they seek to escape were owed principally by PPF. Thus, the Plaintiffs' actual and threatened injury, and the actual or threatened exposure of other unnamed participating physicians or other entities, derives from their respective participation in the trust and was proximately caused not by the alleged predicate acts, but by PPF's inability to satisfy its obligations. Therefore, Plaintiffs have failed to establish standing to bring RICO claims against the Board Member Defendants.

### D. Claims under La. R.S. 22:1973

The Board Member Defendants contend Plaintiffs have failed to state a claim for unfair trade practices in adjusting insurance claims under La. R.S. 22:1973 because the Board Member Defendants are not an insurance company. Plaintiffs, however, contend that the Board Member Defendants are liable under La. R.S. 22:1973 because they are members of the Board of Trustees

---

[17] *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

of PPF. La. R.S. 22:1973 covers only those duties "[a]n insurer, ... owes to his insured ...."[18] The Board Member Defendants are not an insurance company and not one of them is alleged to be registered with the Louisiana Commissioner of Insurance to do business as an insurance company. Thus, Plaintiffs have failed to allege facts to state a claim under La. R.S. 22:1973 against the Board Member Defendants.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **DENIED IN PART** regarding the fraud claims and breach of fiduciary duty claims against the Board Member Defendants. The Motion to Dismiss is **GRANTED IN PART** regarding the RICO claims and claims under La. R.S. 22:1973 against the Board Member Defendants.

**New Orleans, Louisiana**, on this 20th day of October, 2020.

*/s/ Greg Gerard Guidry*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[18] La. R.S. 22:1973(A).